AMERICAN PRECISION, INC.,
Appellant,

v.

Lloyd OTTINGER, Appellee.

Supreme Court of Tennessee.

March 13, 1978.

Walter O. Waddey, Waddey & Blankenship, Kingsport, for appellant.

William M. Leibrock, Newport, for appellee.

## OPINION

FONES, Justice.

Defendant, American Precision, Incorporated, appeals from a decree awarding its employee, Lloyd Ottinger, workmen's compensation benefits for a forty (40%) percent permanent partial disability to the body as a whole.

The only assignment of error insists that the trial judge "erred in holding the claim of the employee to be a compensable claim under the workmen's compensation law of the State of Tennessee."

Plaintiff, employed by appellant as a welder-fitter, sustained an injury to his low back on January 23, 1976, working on the installation of a screw jack on a portable dust collector. Plaintiff promptly reported the injury to his foreman, Len White, and the plant supervisor. He was treated by several physicians and hospitalized three (3) times between January and September, 1976. Although he worked on a few occasions during that period he did not return to regular work until September, 1976.

His claim was recognized as compensable by defendant. Temporary total disability benefits were paid, as well as most of his medical expenses. Suit was filed on August 17, 1976, seeking an award of permanent partial disability. Defendant's answer, filed on September 23, 1976, raised the single issue of whether plaintiff sustained a permanent disability and, if so, the extent thereof. There was no denial that plaintiff sustained a compensable injury or that his injury arose out of and in the course of employment; nor do we find that this issue was tried by the express or implied consent of the parties, so that it might be considered as having been raised in the pleadings as provided in Rule 15.02, Tennessee Rules of Civil Procedure. The first time that the issue was articulated was after the conclusion of all of the proof. Defendant moved for a dismissal on the grounds that the injury did not arise out of and in the course of employment and the learned trial judge summarily overruled the motion without hearing from plaintiff.

However, in this Court, plaintiff does not rely upon defendant's failure to plead that his injury was not compensable or the fact that the only issue that can be said to have been tried in the court below was whether or not plaintiff had a compensable injury, and/or the extent thereof. We will therefore consider defendant's assignment of error on its merits.

At the trial, plaintiff testified that he and Max Collier, another welder-fitter, were installing a screw jack on a portable dust collector when he hurt his back. It appears that plaintiff was on his knees in a cramped position holding the jack in proper relationship to the dust collector while Collier tack-welded the pieces together. On cross-examination, the substance of plaintiff's description of the accident, relied upon by defendant, was that he had "straightened up" from the installation of the jack and started toward the bathroom, walked maybe fifty (50) feet, when he coughed and first felt pain in his low back.

Doctor Huddleston, an orthopedic surgeon who was one of plaintiff's treating physicians, testified that x-rays of plaintiff's back showed a narrowing of the fifth lumbar disc interspace, that the condition probably predated plaintiff's injury, but that "a person with this kind of x-ray cannot hurt much, but then some factor can cause an aggravation of it, even though he didn't appreciate that he had this before. It may not have just reached the point where he was aware of it and this finding does support his complaint."

The history given Dr. Huddleston by plaintiff was that he had had no prior trouble with his back or spine until January, 1976, when "he was lifting a screw jack at work and something caught in his left low back area." On cross-examination Dr. Huddleston was asked, hypothetically, if a person with a degenerative back condition bends over to pick up something or cough, "could it be the straw that broke the camel's back in terms of producing pain where it had not existed before." Doctor Huddleston answered in the affirmative. However, Dr. Huddleston was not asked the significance, if any, of the sequence of events in this case, to wit, whether the cough, closely following the work strain, or the lifting of the screw jack, was the causative favor that produced plaintiff's injury.

The trial judge made an express finding from the bench that plaintiff injured himself under the dust collector that they were building and that he sustained a compensable injury.

There is no evidence in this record that the last act performed before the onset of pain was the cause of the injury. The best that can be said for defendant's position is that the cause of plaintiff's injury was a disputed question of fact about which there was material evidence to support a finding that either the cough or the heavy work, or both, triggered his disability.

■ It is reasonable to conclude that a back injury sustained shortly after doing heavy work was caused by the work, where the injured person suffered from a degenerative disc disorder which can be aggravated by such work. Even though evidence may be susceptible to different inferences, this Court will not disturb findings of the trial judge where such findings are supported by inferences which may be reasonably drawn from the evidence. E. g., *Giles County Bd. of Educ. v. Hickman,* 547 S.W.2d 944 (Tenn. 1977); *Wooten Transports, Inc. v. Hunter,* 535 S.W.2d 858 (Tenn.1976).

Affirmed. Costs are adjudged against American Precision, Incorporated.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.