**Willie Curtis JACOX, Plaintiff–Appellant,**

v.

**The MEMPHIS CITY BOARD OF EDUCATION et al., Defendants–Appellees.**

Court of Appeals of Tennessee,
Western Section.

July 11, 1980.

Certiorari Denied by Supreme Court
Sept. 15, 1980.

Willie C. Jacox, pro se.

Ernest G. Kelly, Jr., Cobb, Edwards, Nichol, Woodall & Kelly, Memphis, for defendants–appellees.

EWELL, Judge.

Plaintiff sued the Memphis City Board of Education and five named individuals as "duly authorized agents" of the Board for damages resulting from the publication of libelous and scandalous accusations in connection with the termination of his employment as a health and physical education teacher. The defendants responded with a motion to dismiss filed pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, and subsequently there was filed in the cause plaintiff's answers to defendants' request for admissions, the discovery deposition of plaintiff and the affidavit of A. Thelma Nichols, one of the defendants. Upon the hearing on the motion to dismiss the Court considered the entire record and elected to treat the motion as a motion for summary judgment which he granted dismissing the case. Plaintiff appealed presenting for our review three issues as follows:

(1) The Court erred in treating the defendants' motion to dismiss as a motion for summary judgment.

(2) The Court erred in holding that an action sounding in defamation could not be maintained against a public body such as the Memphis Board of Education.

(3) The Court erred in holding that individual defendants are specifically protected from any personal liability by the Tennessee Tenure Law.

The motion to dismiss filed by defendants was under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief could be granted. Rule 12.02 provides, in part, as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The order of dismissal specifically reflected that the motion had been heard upon the entire record in the cause, which record included the above mentioned documents in addition to the pleadings. It was

within the discretion of the Trial Judge to receive such matters outside the pleadings on a motion to dismiss for failure to state a claim. See *Hixon v. Stickley*, 493 S.W.2d 471 (Tenn.1973). Having so done the above quoted portion of Rule 12.02 mandates that the motion to dismiss *shall* be treated as one for summary judgment. Therefore, the Trial Court did not err in treating defendants' motion to dismiss as a motion for summary judgment.

Plaintiff's action against the Memphis City Board of Education is covered by the Tennessee Governmental Tort Liability Act codified as Chapter 33 of Title 23 of *Tennessee Code Annotated*. T.C.A. 23–3307 provides as follows:

> Immunity from suit.—Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of said governmental entities wherein said governmental entities are engaged in the exercise and discharge or any of their functions, governmental or proprietary. When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

Plaintiff was a tenured teacher in the Memphis City School System when he was discharged due to his alleged insubordination, inefficiency and neglect of duty. The charges were filed following complaints by former sixth grade female students of plaintiff to the effect that plaintiff had put his hands on their breasts and buttocks. Upon a full evidentiary hearing the five members of the Board of Education present voted unanimously to uphold the discharge of plaintiff. Plaintiff appealed that ruling to the Chancery Court of Shelby County pursuant to T.C.A. 49–1417; and he filed this independent action based upon charges and allegations made in connection with his discharge.

This suit against the Board is barred by T.C.A. 23–3307 quoted above unless permitted under the provisions of T.C.A. 23–3311 which provides, in pertinent parts, as follows:

> Removal of immunity for injury caused by negligent act or omission of employees–Exceptions.–Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:
>
> (1) arises out of the exercise or performance or the failure to exercise or perform a *discretionary function*, whether or not the discretion is abused, or
>
> (2) arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, *libel, slander*, deceit, *interference with contract rights*, infliction of mental anguish, invasion of right of privacy, or civil rights, or
>
> .    .    .    .    .
>
> (5) arises out of the institution or prosecution of any judicial or *administrative proceeding*, even if malicious or without probable cause, or
>
> (6) arises out of *misrepresentation* by an employee whether or not such is negligent or intentional,    .    .    .
> (emphasis added)

■ The injury for which plaintiff sues is covered by the broad language of one or more of the above quoted exclusions from the removal of immunity from suits provided generally in the opening portions of this section. It therefore follows that the immunity provided by T.C.A. 23–3307 is not removed by T.C.A. 23–3311. From the foregoing we find and hold that the Trial Court did not err in dismissing this suit as to Memphis City Board of Education as being barred by the Tennessee Governmental Tort Liability Act. See *Potter v. City of Chattanooga*, 556 S.W.2d 543 (Tenn.1977).

The discharge proceedings which gave rise to this litigation were brought pursuant to Chapter 14 of Title 49 of *Tennessee Code Annotated* relating to teachers' tenure. The hearing before the Board was governed by T.C.A. 49–1416, subsection (9) of which provides:

The superintendent or other school officials shall not be held liable, personally or officially, when performing their duties in prosecuting charges against any teacher or teachers under this chapter.

In the affidavit of defendant Nichols the official positions of the five individual defendants are shown to be as follows:

1. John P. Freeman, Superintendent, Memphis City School System.

2. Lee C. Thompson, Assistant Superintendent for Personnel Services, Memphis City School System.

3. A. Thelma Nichols (referred to in the complaint as Thelma A. Nichols), Director of Certified Personnel, Memphis City School System.

4. Ruth Carrier, Principal of Manor Lake Elementary School.

5. James O. Catchings, Principal of A.B. Hill Elementary School.

The affidavit further reflects:

(a) that during the 1977–78 school year plaintiff was assigned as an elementary physical teacher spending one day a week at A.B. Hill Elementary School and four days a week at Manor Lake Elementary School;

(b) that the letter of charges against plaintiff was prepared by the Personnel Division of the Board of Education under the supervision of defendants Nichols and Thompson and signed by defendant Freeman; and,

(c) that witnesses testifying at the hearing before the Board included defendants Carrier and Catchings.

All of the foregoing is uncontroverted in the record before us.

In the order of dismissal the Trial Judge specifically held that the individual defendants are protected from any personal liability under the provisions of the Tennessee Tenure Law; and we agree.

Accordingly, the judgment of the Trial Court is in all things affirmed, and the cost of appeal is adjudged against the plaintiff–appellant.

NEARN and SUMMERS, JJ., concur.