**Josephine MORROW and husband, Worth Morrow, Plaintiffs-Appellees,**

v.

**TOWN OF MADISONVILLE, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

July 21, 1987.

Permission to Appeal Denied by Supreme Court Sept. 28, 1987.

Robert H. Watson, Jr., Watson & Emert, Knoxville, for defendant-appellant.

J. Lewis Kinnard, Madisonville, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

Plaintiff's action for personal injuries pursuant to the Governmental Tort Liability Act, T.C.A., § 29–2–101, et seq., resulted in an award of damages in the amount of $25,000.00 for injuries sustained when, on August 24, 1984, she fell into a water meter box located on the street in front of her store.

The Town of Madisonville argues it is immune from liability under T.C.A., § 29–20–203.[1] On the pleadings and evidence the notice requirement is inapplicable. It is undisputed the meter box was owned and maintained by the Town of Madisonville and that shortly before plaintiff fell a city employee who read the meter had removed the iron cover and replaced it. There is no evidence the meter cover was defective. The trial court determined, and the evidence preponderates: "the meter cover was ... improperly placed over the meter ... by virtue of the fact that its employee, Ronnie Gardner, removed the meter lid, read the meter, and replaced the lid shortly prior to the accident in which plaintiff was injured."

The evidence establishes plaintiff's injuries were due to a city employee's negligence and not a dangerous or defective condition of the sidewalk. The applicable statute is T.C.A., § 29–20–205, which provides in pertinent part:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment....

This section removes the immunity of governmental entities with certain exceptions and renders them liable for injuries caused by the negligent conduct of their employees. See Willis v. Barksdale, 625 F.Supp. 411 (W.D.Tenn.1985); Potter v. City of Chattanooga, 556 S.W.2d 543 (Tenn.1977); Mowdy v. Kelly, 667 S.W.2d 489 (Tenn. App.1983); Jacox v. Memphis City Bd. of Ed., 604 S.W.2d 872 (Tenn.App.1980).

In the instant case, plaintiff was walking along the sidewalk when the meter cover tilted, causing her to fall. Given the short lapse of time between the reading of the meter and plaintiff's fall, the trial court properly inferred defendant's employee was negligent in replacing the cover. Negligence may be proved by either direct or circumstantial evidence or a combination. Wesco Paving Co. v. Nash, 35 Tenn.App. 409, 245 S.W.2d 782 (1951); Phillips et al. v. Newport et ux., 28 Tenn.App. 187, 187 S.W.2d 965 (1945). Moreover, where the trial court's findings are supported by inferences reasonably drawn from the evidence, such findings will not be disturbed on appeal. American Precision, Inc. v. Ottinger, 562 S.W.2d 818 (Tenn.1978) and Sudduth v. Williams, 517 S.W.2d 520 (Tenn.1974).

The Town of Madisonville argues, however, it is shielded from liability pursuant to T.C.A., § 29–20–205(4).[2] This section provides immunity is not removed for injuries caused by an employee's failure to inspect or by reason of an inadequate or negligent inspection, and it is argued the proximate cause of plaintiff's injuries was due to the failure of the employee to properly inspect the meter cover after it was replaced on the meter box. We find this argument to be without merit.

1. T.C.A., § 29–20–203, provides in pertinent part:
   (a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity.
   (b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29–20–302.

2. T.C.A., § 29–20–205 reads as follows:
   Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

   (4) Arises out of a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property.

The duties of the city employee, whose negligence resulted in plaintiff's injuries, were not those of inspector. He was charged with reading water meters, which involved removing and replacing the iron covers in a safe manner. Any inspection under these circumstances was merely incidental to the job and no supervisor's duty of inspection is present under the circumstances as contemplated by the statute. *See Mowdy v. Kelly, supra.*

■ Finally, defendant argues plaintiff's contributory negligence barred recovery. Defendant insists plaintiff's inattentiveness caused the accident, since if the meter cover was improperly secured it would not be level with the sidewalk and if plaintiff had been keeping a proper lookout where she was walking she would have noticed the condition.

The record establishes the meter cover did not appear to be defective. Initially, the plaintiff testified the water meter had been there for a number of years and she had walked over it "hundreds of times". As stated in *Batts v. City of Nashville*, 22 Tenn.App. 418, 123 S.W.2d 1099 (1938), "a citizen walking along a street does not have to keep his eyes on the pavement all the time; he may presume the city has done its duty. It is not negligence to fail to look for danger which under the surrounding circumstances he had no reason to apprehend." 22 Tenn.App., at 426–7, 123 S.W.2d 1099, 1104. The evidence does not preponderate against the trial court's finding that plaintiff was free of contributory negligence.

For the foregoing reasons we affirm the judgment of the trial court and remand at appellant's cost.

SANDERS and GODDARD, JJ., concur.