Helen Marie **POTTER**, Appellant,

v.

**CITY OF CHATTANOOGA**, Appellee.

Supreme Court of Tennessee.

Oct. 10, 1977.

John R. Meldorf, Chattanooga, for appellant.

Eugene N. Collins, City Atty., Randall L. Nelson, Sp. Counsel, Chattanooga, for appellee.

## OPINION

COOPER, Chief Justice.

Helen Marie Potter filed a tort action in the Circuit Court of Hamilton County against the City of Chattanooga. On motion of the City, the trial judge dismissed the complaint, as amended, holding in effect that the allegations of the complaint fell within the exceptions to municipal liability as set forth in T.C.A. § 23–3311. Mrs. Potter appealed, questioning the validity of the trial judge's action.

In the complaint as originally filed, appellant charged that:

"5. At approximately 9:30 p. m., while complainant was sitting in her car, a police officer, an agent for the defendant, arrived on the scene and upon discovering that complainant had a bottle of alcohol in her automobile arrested complainant for public drunkenness. At no time did defendant's agent request that she take any test of any kind to ascertain whether or not complainant was, in fact, intoxicated. At no time throughout these circumstances was complainant intoxicated.
* * *

"7. Upon complainant's arrival at defendant City Jail, complainant was booked and allowed to make a telephone call, which call she made to a member of her family. With rudeness, an agent of the defendant demanded that complainant get off the phone and upon the termination of complainant's telephone conversation, defendant's agent seized complainant and forceably dragged her without cause back into the cellblock area. Whereupon, complainant becoming frightened and crying out, defendant's agent became unruly and forceably threw complainant about the cell, beating her about the face, causing complainant to receive lacerations and broken bones, causing complainant's dentures to be broken beyond repair and causing complainant to sustain bleeding of the ear, which bleeding continued for a period of several days."

Subsequently, and in answer to the City's motion to dismiss, the complaint was amended to charge:

"(10) Throughout this entire episode and prior thereto, defendant at no time screened its employees to adequately determine the psychological capabilities of its employees to handle the jobs to which they were assigned, and further failed to adequately test, screen and control its employees, to the point that at least one of defendant's employees during the instance previously alleged acted in a berzerk and callous manner in violation of the duties of the defendant to the plaintiff, which actions defendants should have known or reasonably could have known were likely to have occurred."

T.C.A. § 23–3311 removes the immunity of governmental entities from suit for damages where an injury is proximately caused by a negligent act or omission of any employee within the scope of his employment *except* where the injury:

"(1) arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused, or

"(2) arises out of false imprisonment pursuant to a mittimus from a court, *false arrest,* malicious prosecution, *intentional trespass,* abuse of process, libel, slander, deceit, interference with contract rights, *infliction of mental anguish,* invasion of right of privacy, or *civil rights,* or
* * * " [emphasis supplied]

It is apparent from a reading of the complaint, as amended, that the true bases of the injuries for which recovery of damages is sought are false arrest and assault and·battery. The amendment to the complaint, while levelling additional charges of negligence against the City, does not alter the fact that the injuries that are the subject of the action "arose out of" the battery and the false arrest, and was not effective to avoid the immunity granted the City under T.C.A. § 23–3311. *See Salerno v. Racine,* 62 Wis.2d 243, 214 N.W.2d 446 (1974); *Little v. Schafer,* 319 F.Supp. 190 (S.D.Tex.1970).

In *Salerno v. Racine, supra,* the court held that the plaintiff could not maintain an action against the city for assault and battery to recover damages for injuries allegedly caused by the use of excessive force by police in making an arrest where the Wisconsin statute immunized the city for intentional torts of its employees. The Wisconsin court further held there could be no recovery on the ground that the city was negligent in retaining a police officer on duty after he had demonstrated propensities to use excessive force since his discharge would have entailed quasi-judicial action which was also covered by the immunity statute.

In *Little v. Schafer, supra,* the court was called upon to consider the effect of the Texas Tort Claims Act, which specifically excluded a municipality from liability as to "[a]ny claim arising out of assault, battery, false imprisonment, or any other intentional tort" as well as claims based on injury or death connected with any act or omission arising out of failure to provide, or method of providing police or fire protection. Under this grant of immunity, the court held that a university student had no cause of action against a municipality for injuries allegedly caused by the use of police nightsticks, despite a charge that the city was negligent in employing the police officers and in "[entrusting] to them [with their] nightsticks." The court pointed out:

"§ 14(10) of article 6252–19 provides that the Act shall not apply to:

" 'Any claim arising out of assault, battery, false imprisonment, or any other intentional tort . . ..' "

"Plaintiff attempts to avoid this language by pretending to base his claim, not on any assault theory, but on the cities' negligence in employing the police officers here involved and on the negligent entrustment to them of their nightsticks.

\*     \*     \*     \*     \*     \*

First, the plain language of the exception vitiates employment of the fiction that plaintiff is not really speaking of assault. For the exclusion excepts any claim 'arising out of' an assault. In seven other exceptions to § 14, the statute restricts its language to 'any claim based upon.' A charge of negligent hiring or negligent entrustment of a nightstick is arguably not 'based upon' the assault which follows. But such a claim of negligence necessarily 'arises out of' the subsequent assault. For a citizen's complaint about the negligent utilization of police officers has no meaning apart from those officers' acts or omissions which inure to the detriment of the complainant. The assault is the *sine qua non* of plaintiff's knowledge that municipal negligence exists.

Second, the assault exception of the Texas Act follows precisely the language of the Federal Tort Claims Act, 28 U.S.C. § 2680, and the federal statute has been abundantly construed. To cite but one example, the Fifth Circuit dealt with the question in *United States v. Faneca,* 332 F.2d 872 (5th Cir. 1964), in which complainant charged the Government with negligently allowing United States marshals to fire tear gas into a crowd. The court declined to suffer the fiction.

" 'Nor can plaintiff recover under the Tort Claims Act for the 'negligent' firing on him by a group of marshals and Border Patrolmen. Section 2680(h) of title 28 excepts from the Act claims arising from intentional torts such as assault and battery . . . and his allegations of negligence are not sufficient to avoid section 2680(h).' "

The injuries for which recovery is sought in this case arose out of the false arrest and battery described in the complaint and are within the exceptions to municipal liability set forth in T.C.A. § 23–3311. It follows that the trial judge correctly dismissed the action against the City.

Judgment affirmed. Costs incident to the appeal are adjudged against the appellant, Helen Marie Potter, and her surety.

FONES, BROCK and HARBISON, JJ., concur.

HENRY, J., dissent.