## IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

| | | |
|---|---|---|
| JOYCE LOUISE WISDOM, | ) | Blount County Circuit |
| | ) | |
| Appellant | ) | NO. 03A01-9902-CV-00052 |
| | ) | |
| vs. | ) | HON.  W. DALE YOUNG |
| | ) | JUDGE |
| JOSEPH MADDRY and BLOUNT | ) | |
| MEMORIAL HOSPITAL, INC., | ) | |
| | ) | |
| Appellees | ) | AFFIRMED |

J. Mikel Dixon, Knoxville, for Appellant.

Carl P. McDonald, Maryville, for Appellee, Blount Memorial Hospital, Inc.

# **O P I N I O N**

INMAN, Senior Judge

Marilyn Roberts and Joyce Wisdom were patients in Blount Memorial Hospital, which employed Jody Maddry, a male nurse.  They filed a joint complaint against the hospital alleging that they were sexually assaulted by Maddry.  Liability of the hospital was alleged to be vicarious, and additionally, that the hospital was independently negligent because it failed to investigate Maddry's background which would have revealed his propensity to sexually abuse females.

The defendant hospital filed a motion for summary judgment which was granted on all grounds asserted. Both plaintiffs appealed, and we filed an opinion affirming the dismissal of the Roberts case[1] but reversed the dismissal of the Wisdom case because the motion was based solely on the issue of the hospital's vicarious liability. The allegations of independent negligence were not addressed by the motion, thereby requiring further inquiry.

Following remand, the hospital filed another motion for summary judgment, alleging that there were no genuine issues of material fact with respect to the question of whether the hospital knew or should have known of Maddry's propensities, and whether it conducted an appropriate investigation into his background.

This motion was supported by (1) an affidavit of Kathy Kirkham, of the Fort Sanders Medical Center[2] that as a matter of policy Fort Sanders does not reveal unfavorable information about a former employee; (2) an affidavit of Scott Shaffer, of Baptist Hospital[3] who deposed that in the records at Baptist Hospital there is no unfavorable information about Maddry; (3) a certified file from the Tennessee Board of Nursing which revealed no unfavorable information about Maddry when he was licensed; (4) an affidavit of Terry Nichols, Chief of Police of Maryville, that the plaintiff reported the alleged assault on April 18, 1995.[4]

The plaintiff opposed the motion by relying on the *Roberts* incident. She also filed a copy of a hearing conducted by the Department of Health Nursing Board on June 12, 1997, three years after the assault complained of.

The motion for summary judgment was granted and the plaintiff appeals. The issue presented for review is the propriety of the dismissal of the complaint. Our review being one of law, the presumption of correctness cannot be indulged. Rule 13(d) T.R.A.P. and cases cited.

The essential thrust of the plaintiff's argument on appeal is that the assault on Roberts was sufficient notice to the hospital that "they had a problem with Maddry," because the hospital's

assistant administrator testified that Roberts told her that Maddry had "fondled her inappropriately, touching her breasts and buttocks."

The evidentiary worth of this testimony aside, Roberts did not testify accordingly. To the contrary, she testified that Maddry only inserted a suppository and that nothing else happened to her while she was a patient. On the basis of this testimony, the Court, as previously expounded, found that there was no evidence that Roberts was sexually assaulted. Under familiar principles this finding is the law of the case and there the matter ends. The Roberts "incident" was not sufficient notice for the hospital that "they had a problem with Maddry."

The supported motion for summary judgment required the plaintiff to present evidence sufficient to establish the essential elements for which she has the burden of proof. *Blair vs. Allied Maintenance Corp.,* 756 S.W.2d 267 (Tenn. App. 1988); *White vs. Methodist Hospital South*, 844 S.W.2d 642, (Tenn. App. 1992). We have already observed that the *Roberts* incident is not sufficient for the purpose. There is no evidence in this record that, from the time Maddry was employed to the time of the assault complained of, the defendant was on inquiry notice about Maddry's propensities or prior inappropriate conduct.

Our first opinion is clear on the point that any independent negligence of the hospital[5] was not addressed by the motion for summary judgment. It was for this reason that the judgment was reversed and the language of the opinion "we are not persuaded that this is an appropriate case for summary judgment" must be considered in proper context. The principle enunciated in *Potter vs. City of Chattanooga*, 556 S.W.2d 543 (Tenn. 1977) was not implicated because the issue of independent negligence was not addressed, as we have seen. In *Potter*, the plaintiff alleged that she was mistreated by a police officer and was unlawfully jailed. She filed suit against the City, alleging, *inter alia,* that it negligently hired the police officer. The City moved to dismiss, asserting its immunity under the Act. The Supreme Court affirmed the dismissal, holding that the true bases of the injuries for which

damages are sought are false arrest and assault and battery, and that the claim of negligent hiring was ineffective to avoid the immunity granted the City under the Act. In the case at Bar, the plaintiff's injuries allegedly arose from the intentional conduct of Maddry. We agree with the defendant that the immunity of the hospital cannot be circumvented in the manner attempted.

The judgment is affirmed and costs are assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Charles D. Susano, Jr., Judge


_____
D. Michael Swiney, Judge