# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 17, 2000 Session

## EDGAR FORREST DOYLE, et al. v. CHARLES FROST, M.D., et al.

**Appeal from the Court of Appeals, Western Division**
**Circuit Court for Hardeman County**
**No. 8912    Jon Kerry Blackwood, Judge**

---

### No. W1998-00391-SC-R11-CV - Filed July 9, 2001

---

In this appeal, the plaintiffs contest the trial court's overruling of a motion to amend their complaint to add the Jackson-Madison General Hospital District, a governmental entity, as a party defendant. At issue is the scope of Tenn. R. Civ. P. 15.03, which allows the filing date of certain amendments to a pleading to "relate back" to the date of the filing of the original pleading. We are asked to determine whether Rule 15.03 applies to governmental entities. We conclude that it does and, accordingly, reverse the judgment of the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. Riley Anderson, C.J., Frank F. Drowota, III, Janice M. Holder, and WILLIAM M. BARKER, JJ., joined.

Richard J. Myers, Memphis, Tennessee, Attorney for the Appellants, Edgar Forrest Doyle and Brenda Doyle.

Jerry D. Kizer, Jr. and Patrick W. Rogers, Jackson, Tennessee, Attorneys for the Appellees, Jimmy Pratt, M.D., Bolivar General Hospital, Inc., and West Tennessee Health Care, Inc.

### OPINION

#### I. Facts and Procedural History

On May 24, 1997, Edgar Forrest Doyle sought emergency treatment at Bolivar General Hospital, Inc. (Bolivar), for a back injury sustained two days earlier. He was examined by Jimmy Pratt, M.D., who diagnosed Doyle's condition as urinary incontinence, gave him a prescription, and instructed him to consult his family physician for a referral to an orthopedic surgeon. Three days later, on May 27, 1997, Doyle sought emergency treatment for the same condition at Baptist Memorial Hospital in Memphis. Following an examination, he was diagnosed as having sustained a large rupture of the central disk, and he underwent immediate surgery. Following the surgery, he suffered significant, irreversible neurological impairment.

Subsequently, Doyle retained an attorney to investigate his case. The attorney contacted the office of Bolivar's administrator, who stated that Pratt's services had been provided to Bolivar through a contract with West Tennessee Healthcare, Inc. (WTH). Thereafter, on May 19, 1998, Doyle and his wife, Brenda Doyle, filed a complaint alleging negligence in the diagnosis and treatment of his back injury. The named defendants included, *inter alia*, Bolivar, Pratt, and Pratt's presumed employer, WTH.[1] On May 24, 1998, a copy of the complaint was served upon Jim Moss, who served as president and agent for service of process for Bolivar, WTH, and the entity at issue in this case, Jackson-Madison County General Hospital District (Hospital District).[2]

Subsequently, Bolivar and WTH filed responsive pleadings denying that Pratt was an employee of either entity and asserting that WTH was not a proper defendant because it did not have any employees or provide any medical services at times relevant to the Doyles' cause of action. Likewise, Pratt moved to dismiss the complaint against him, asserting that he was an employee of Hospital District (rather than WTH).[3] The Doyles then filed a motion seeking to amend their complaint pursuant to Tenn. R. Civ. P. 15.03[4] to name Hospital District as a party defendant. In the motion, counsel for the Doyles asserted by affidavit that Bolivar's administrator had informed him that Pratt was an employee of WTH. A copy of the motion was served on Hospital District, again through Moss as its agent, on September 14, 1998, 118 days after the filing of the complaint.

In responding to the Doyles' motion, the trial court found that Hospital District was a governmental entity for the purposes of the Tennessee Governmental Tort Liability Act (GTLA), codified at Tenn. Code Ann. §§ 29-20-101 to -407 (2000). It then denied the motion to amend, holding that the Doyles had not asserted their cause of action against Hospital District within the GTLA's one-year statute of limitations and that Rule 15.03 could not extend the limitations period against a governmental entity. The Doyles moved for permission to file an interlocutory appeal pursuant to Tenn. R. App. P. 9, which the trial court granted. On appeal, the Court of Appeals affirmed the decision of the trial court. We granted review to determine whether Rule 15.03 applies

---

[1] Also named as defendants were Doyle's family physician, Charles Frost, M.D.; the clinic in which Frost practiced (the Jackson Clinic Professional Association); Paul Jackson, M.D.; and Jackson's employer, NES Mid-South, Inc.

[2] According to Moss's affidavit, Bolivar operates a hospital, WTH owns and leases real property, and Hospital District operates as the "sole member" of these two entities. For both a history of the Hospital Authority Act, which enables the business structure utilized by the defendants, and a discussion of the creation of Hospital District, see Eye Clinic, P.C. v. Jackson-Madison County Gen. Hosp., 986 S.W.2d 565, 568-69 (Tenn. Ct. App. 1998). See also Finister v. Humboldt Gen. Hosp., 970 S.W.2d 435, 438-40 (Tenn. 1998).

[3] The Tennessee Governmental Tort Liability Act provides that in order to maintain a medical malpractice action against a health care practitioner who is employed by a governmental entity, that entity must be named as a defendant. Tenn. Code Ann. § 29-20-310(b) (1999).

[4] Under Tenn. R. Civ. P. 15.03, an amendment to the pleadings changing the party or naming an additional party against whom a claim is asserted will "relate back" to the date of the original pleading if the requirements of the rule are met.

to governmental entities.  We hold that it does, and accordingly, we reverse the judgment of the Court of Appeals.

## II.  Standard of Review

Generally, review of the denial of a motion to amend a pleading is governed by an "abuse of discretion" standard.  See Henderson v. Bush Bros. & Co., 868 S.W.2d 236, 237-38 (Tenn. 1993). In this case, however, our review concerns whether Tenn. R. Civ. P. 15.03 applies to governmental entities.  Interpretation of the scope of the Rule is a question of law, for which the standard of review is de novo with no presumption of correctness afforded to the legal determinations of the trial court. Lipscomb v. Doe, 32 S.W.3d 840, 843-44 (Tenn. 2000).

## III.  Analysis

### A.  Rule 15.03

Rule 15 of the Tennessee Rules of Civil Procedure governs the amendment of pleadings and the service of supplemental pleadings.  The goal behind Rule 15, as with all the Rules of Civil Procedure, is "to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties."  Karash v. Pigott, 530 S.W.2d 775, 777 (Tenn. 1975). Rule 15.03 of Tenn. R. Civ. P. provides in pertinent part:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading.  An amendment changing the party or the naming of the party . . . against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In other words, the Rule provides that amendments to the pleadings to substitute or change the name of a party will be considered filed on the date of the original pleading so long as the party affected by the amendment had notice of the suit during the limitations period (or within 120 days of the filing date) and knew or should have known that, but for a mistake as to its identity, the suit would have been brought against it.  As noted by courts construing the corresponding federal rule, Fed. R. Civ. P. 15(c), the purpose behind the Rule is to "ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the

institution of the action." Bloomfield Mechanical Contracting, Inc. v. Occupational Safety & Health Review Comm'n, 519 F.2d 1257, 1262 (3d Cir. 1975); see also Schiavone v. Fortune, 477 U.S. 21, 38, 106 S. Ct. 2379, 2389, 91 L. Ed. 2d 18 (1986) (Stevens, J., dissenting) (noting that the "principal purpose" of the Rule "is to enable a plaintiff to correct a pleading error after the statute of limitations has run if the correction will not prejudice his adversary in any way").

It is uncontested that except for principles unique to suits against governmental entities, the plaintiffs at bar would be allowed to amend their complaint to add Hospital District as a party defendant under Rule 15.03. As stated by the court below:

> The Doyles' claim against the Hospital District arose out of the same conduct, transaction, or occurrence set forth in the Doyles' original complaint. Additionally, the Hospital District was served with the Doyles' original complaint on May 24, 1998 through Jim Moss, its registered agent for service of process. This date was within twelve months of May 27, 1997, the date on which the Doyles' cause of action accrued. This date was also within 120 days after commencement of the action . . . . Because the Hospital District received timely notice of the Doyles' lawsuit, it is unlikely that [it] would be prejudiced in maintaining a defense to this action. Finally, upon being served with the Doyles' original complaint, the Hospital District knew or should have known that, but for the Doyles' mistake regarding the identity of Dr. Pratt's employer, the Doyles would have named the Hospital District as a defendant. Thus, in the instant case, we find that the requirements of Rule 15.03 have been satisfied.

Thus, the sole issue in this case is whether the doctrine of sovereign immunity precludes the application of Rule 15.03 when the defendant sought to be added is a governmental entity.

### B. Sovereign Immunity

The doctrine of sovereign immunity historically has been recognized as prohibiting suits against the State and governmental entities. See Hawks v. City of Westmoreland, 960 S.W.2d 10, 14 (Tenn. 1997); see also Louis L. Jaffe, Suits Against Governments and Officers: Sovereign Immunity, 77 Harv. L. Rev. 1 (1963). The doctrine has been acknowledged in Tennessee's common law for over a century and provides that "suit may not be brought against a governmental entity unless that governmental entity has consented to be sued." Hawks, 960 S.W.2d at 14 (citing Lucius v. City of Memphis, 925 S.W.2d 522, 525 (Tenn. 1996)); see also Tenn. Const. Art. I, § 17 ("Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."). Since 1973, claims against counties, municipalities, and other local governmental

agencies[5] have been governed by the GTLA. See generally Tenn. Code Ann. §§ 29-20-101 to -407 (2000).

The GTLA affirms that these entities generally are to be held immune from suit,[6] but goes on to provide narrow exceptions to the general declaration of immunity, noting *inter alia* that the entities may be held liable for injuries "proximately caused by a negligent act or omission of any employee [of the governmental entity] within the scope of his employment." Tenn. Code Ann. § 29-20-205. Through this provision, the legislature has provided that entities such as Hospital District may be subject to actions sounding in negligence. The waiver of immunity provided by the GTLA, however, is narrowly confined in its scope. As stated in the GTLA, "any claim for damages must be brought in strict compliance with the terms of this chapter." Tenn. Code Ann. § 29-20-201(c). This Court has acknowledged the efficacy of this legislative mandate:

> The limited waiver of governmental immunity provided for in the Act is in clear derogation of the common law. Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms, and that rule of construction has been expressly incorporated into the Act . . . .

Ezell v. Cockrell, 902 S.W.2d 394, 399 (Tenn. 1995)(citations omitted).

One of the terms of the GTLA which demands this strict compliance is the GTLA's statute of limitations provision, which states that actions against governmental entities "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). The defendants, relying on the premise that this limitations period must be strictly construed, contend that Hospital District is immune from suit because it was not actually named as a party within the twelve-month statute of limitations. We are not persuaded by this argument because we do not find the statute of limitations provision of the GTLA, even when strictly construed, to be in conflict with Rule 15.03. In the most basic terms, an amendment under Rule 15.03 made pursuant to the "relation back" doctrine is not considered excepted from the applicable statute of limitations, it is considered made before the limitations period expired. Cf. Black's Law Dictionary (6th ed. 1990) (defining "relation back" as "[a] principle that an act done today is considered to have been done at an earlier time").

Though the GTLA requires strict compliance with its terms, it does not require that applicable rules of civil procedure be ignored. The GTLA provides that suits under its provisions

---

[5]The GTLA does not apply to claims against the State. See Lucius v. City of Memphis, 925 S.W.2d 522, 525 (Tenn. 1996). Claims against the State generally are governed by Tenn. Code Ann. §§ 9-8-101 to -407 (2000).

[6]See Tenn. Code Ann. § 29-20-201(a) ("Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions . . . .").

may be instituted, as was done in this case, in circuit court,[7] and the Tennessee Rules of Civil Procedure "govern the procedure in the circuit and chancery courts of Tennessee." Tenn. R. Civ. P. 1. Because an amendment to add a party under Rule 15.03 "relates back to the date of the original pleading," the filing of the action against Hospital District in this case is deemed to have occurred on the date the original complaint was filed, well within the twelve-month statute of limitations.

We reject the defendants' argument that the application of Rule 15.03 to a party with timely notice of the action extends the statute of limitations or otherwise enlarges the time period for filing suits against a governmental entity. In order for an amendment to relate back under Rule 15.03, the party affected must receive notice of the suit within the limitations period or within 120 days of the commencement of the action, for, as this Court noted in Floyd v. Rentrop, "notice is the critical element involved in determining whether amendments to pleadings relate back." 675 S.W.2d 165, 168 (Tenn. 1984). Because Rule 15.03 thus requires that the affected party receive sufficient notice of the action, the "relation back" doctrine embodied by the Rule does not compromise the protections afforded by the statute of limitations. As stated by the Court of Appeals in Gamble v. Hospital Corp. of America,

> The purpose of the statute of limitations is to avoid adjudication of stale claims and to give defendants notice to preserve their evidence. Since the relation back doctrine ameliorates the bar of the statute of limitations, if courts evaluate whether an amendment may relate back in terms of notice, in addition to the statutory requirement of same conduct, transaction, or occurrence, then the defendant still has all the protection that the statute of limitations was intended to give.

676 S.W.2d 340, 343 (Tenn. Ct. App. 1984) (citing Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S. Ct. 421, 89 L. Ed. 465 (1945)).

We are also not persuaded by those cases relied upon by the intermediate court holding that governmental entities are subject to neither (1) "savings statute" provisions nor (2) the joinder provision applicable in comparative fault cases. These holdings may be distinguished from the issue posed by the present case.

The savings statute cases cited by the Court of Appeals focus upon whether governmental entities are subject to the provisions of Tenn. Code Ann. § 28-1-105 (1999), which allows commencement of a new action within one year after a nonsuit, dismissal without prejudice, reversal, or arrest; or Tenn. Code Ann. § 28-1-115 (1999), which allows commencement of a new action in state court within one year after a federal court dismisses a case for lack of jurisdiction. See Nance v. City of Knoxville, 883 S.W.2d 629 (Tenn. Ct. App. 1994); Rael v. Montgomery County, 769 S.W.2d 211 (Tenn. Ct. App. 1988); Williams v. Memphis Light, Gas, and Water Div., 773 S.W.2d 522 (Tenn. Ct. App. 1988). In each of these cases, the plaintiffs' original lawsuits, filed within the

---

[7]Tenn. Code Ann. § 29-20-305.

twelve-month limitations period, were dismissed.  Each of the plaintiffs then filed a new action after the expiration of the limitations period, following the procedures outlined in the applicable savings statutes.  And in each of the cases, the Court of Appeals held that the statutes could not be used to "extend the period" within which an action must be filed against a governmental entity.  Nance, 833 S.W.2d at 631-32; Rael, 769 S.W.2d at 213-14; Williams, 773 S.W.2d at 523.

There is, however, a fundamental difference between filing a second lawsuit and amending an original, timely-filed complaint.  In each of the savings statute cases, the plaintiffs initiated a new action after the statute of limitations expired, and they sought to rely upon the applicable savings statutes to provide an exception to the time bar created by the statute of limitations.  In the case before the Court, however, no new action has been initiated after the expiration of the limitations period.  Rather, the Doyles merely seek to amend a complaint which was timely filed.  The relation back doctrine does not allow a new cause of action to be filed outside the limitations period, but only allows amendments as to party defendants with timely notice of the action.  Because those amendments are deemed filed on the date of the original pleading, the savings statute cases are not analogous to the pending case.

More directly applicable are the intermediate court's holdings concerning the comparative fault joinder provision, Tenn. Code Ann. § 20-1-119 (1999).  This statute applies in comparative fault cases when a plaintiff has sued a defendant and the defendant alleges, after the statute of limitations has expired, that a nonparty caused or contributed to the plaintiff's injury.  The statute provides:

> [I]f the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:  (1) Amend the complaint . . . pursuant to Rule 15 . . . ; or (2) Institute a separate action against that person . . . ."

Tenn. Code Ann. § 20-1-119(a).  In Daniel v. Hardin County Gen. Hosp., the Court of Appeals concluded that the GTLA precluded application of this joinder provision to governmental entities because doing so effectively would extend the twelve-month statute of limitations period.  971 S.W.2d 21, 25 (Tenn. Ct. App. 1997).  In so holding, the court noted that the statute appeared to evince a legislative intent not to allow  joinder of governmental entities, noting, "The legislature could have made [Tenn. Code Ann.] § 20-1-119 applicable to the [GTLA], however, it has chosen not to do so."  Id.  In the wake of Daniel, however, the legislature has amended the joinder statute to explicitly provide that "[n]otwithstanding any provision of law to the contrary, this section applies to suits involving governmental entities."  Tenn. Code Ann. § 20-1-119(g) (amendment effective June 15, 1999).  Given the legislature's reaction to Daniel, we find reference to the analysis of that case unpersuasive.  To the contrary, the legislature's amendment of the joinder statute supports the proposition that governmental entities should be treated, for the purposes of Rule 15.03, like any other party.

In sum, we hold that the relation back doctrine embodied in Rule 15.03 does not extend or enlarge the applicable statute of limitations period, for amendments pursuant to the rule are considered filed on the date of the original, timely pleading, and such amendments only may be made if the Rule's notice requirements are met. The Rule does not compromise the protections afforded by the statute of limitations provision of the GTLA, even when that provision is strictly construed. Thus, no reason exists to preclude application of Rule 15.03 to governmental entities. Accordingly, the Doyles may amend their complaint pursuant to the Rule to add Hospital District as a party defendant.

## IV. Conclusion

For the foregoing reasons, we conclude that the doctrine of sovereign immunity does not preclude the application of Rule 15.03 when the party sought to be added by an amendment to the pleadings is a governmental entity. Accordingly, we reverse the denial of the plaintiffs' motion to amend their complaint, and we remand the cause for further proceedings consistent with this opinion. Costs on this appeal are charged to Jimmy Pratt, M.D., Bolivar General Hospital, Inc., and West Tennessee Healthcare, Inc., for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE