# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 13, 2001 Session

## EDDIE BROWN LIMBAUGH, Executor of the Estate of EMMA RUTH LIMBAUGH, ET AL. v. COFFEE MEDICAL CENTER, ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Coffee County**
**No. 28,936     John W. Rollins, Judge**

---

**No. M1999-01181-SC-R11-CV - Filed October 16, 2001**

---

JANICE M. HOLDER, J., concurring.

Coffee Medical Center (CMC) owed a duty to its patient, Emma Ruth Limbaugh, to protect her from the foreseeable risk of harm presented by the employment of nursing assistant Louise Ray. I therefore agree with the result reached by the majority holding CMC liable for the injuries in this case. I write separately to express my disagreement with the majority's analysis of the applicable governmental immunity statutes. Because I believe that the rationale supporting Potter v. City of Chattanooga, 556 S.W.2d 543 (Tenn. 1977), is flawed, I would overrule that opinion in its entirety. Instead, I would hold that a governmental entity may be held liable for its own negligent employment practices regardless of the nature of the underlying acts of its employees.

The General Assembly has removed governmental immunity for injuries proximately caused by the negligent acts of governmental employees within the scope of their employment. Tenn. Code Ann. § 29-20-205. Subsection (2) of § 29-20-205 preserves immunity for injuries arising out of certain enumerated intentional torts committed by governmental employees. In Potter, we misapplied the intentional tort exception in a manner indicating that the exception preserves immunity for injuries arising from all intentional torts. Id. at 544-46. The majority today corrects that misapplication of the intentional tort exception, overruling Potter to the extent that it immunized intentional torts not specifically listed in § 29-20-205(2).

Although I agree with the limitation of § 29-20-205(2) to those intentional torts specifically enumerated, I disagree with the premise underlying our decision in Potter and would therefore fully overrule its holding. In Potter, the plaintiff initially filed her complaint alleging liability on the part of the City of Chattanooga for the intentional torts committed by a police officer. Id. at 544. In response to the City's motion to dismiss, the plaintiff amended her complaint to include a claim of

negligence by the City for failure to provide adequate psychological screening of its employees. Id. This Court held that the "true bases" of the injuries were the intentional torts of false arrest and assault and battery alleged in the complaint. Id. at 545. The Court reasoned that the negligence claim based upon failure to provide psychological screening did not alter the fact that the injuries arose out of the intentional torts. Id. Based upon the intentional tort exception, this Court concluded that the plaintiff could not maintain an action against the City despite her negligence claim. Id. at 545-46.

I find the reasoning in Potter to be fundamentally flawed. We have noted that "plaintiffs are free to pursue several alternative theories of recovery and to structure their claims in the manner that is most beneficial to them." Concrete Spaces, Inc. v. Sender, 2 S.W.3d 901, 909 (Tenn. 1999). Rule 8.01 of the Tennessee Rules of Civil Procedure, governing claims for relief in pleadings, provides that "[r]elief in the alternative or of several different types may be demanded." Furthermore, this Court has recognized that an intentional tortious act does not necessarily supersede a prior negligent act. See Turner v. Jordan, 957 S.W.2d 815 (Tenn. 1997) (addressing the comparative fault of a psychiatrist for failure to warn of a patient's dangerous propensities); McClenahan v. Cooley, 806 S.W.2d 767 (Tenn. 1991) (finding that a car owner could be held liable in a wreck after leaving the keys in a car that was subsequently stolen; the car theft was not necessarily an intervening act breaking the chain of causation). Instead, a plaintiff may recover damages from both the intentional tortfeasor and the original negligent tortfeasor. See id. The plaintiff in Potter should have been allowed to pursue separate claims against the City–one based upon the intentional torts committed by the police officer and one based upon the City's negligence in failing to properly screen its employees. The second claim arises out of the City's negligent employment practices, not the police officer's intentional torts. It therefore is not barred by the intentional tort exception under § 29-20-205(2).

Moreover, the General Assembly has clearly expressed its intent to waive governmental immunity for injuries proximately caused by negligent governmental acts. Tenn. Code Ann. § 29-20-205. We are bound to uphold that intent to the fullest extent. "This Court's role in statutory interpretation is to ascertain and to effectuate the legislature's intent." Freeman v. Marco Transp. Co., 27 S.W.3d 909, 911 (Tenn. 2000). The interpretation of § 29-20-205 employed in Potter did not carry out the intent of the General Assembly to allow recovery for the negligent acts of the governmental entity.

The holding in Potter also provides us with an inconsistent outcome. It allows recovery for negligent governmental employment practices if the governmental employee acts negligently but not if the employee acts intentionally. I cannot agree with a result so contrary to common sense and legislative intent. Proper interpretation of § 29-20-205 should hold a governmental entity liable for its negligent employment practices regardless of the nature of the underlying acts of the employee causing the injury.

Accordingly, I would wholly overrule this Court's holding in Potter v. City of Chattanooga, 556 S.W.2d 543 (Tenn. 1977). The plaintiff in this case should be able to proceed in an action

against CMC based upon CMC's negligent employment practices.  Because I agree with the result reached by the majority in this case, however, I concur in the judgment remanding this case to the trial court for a determination of damages.

                                         _____

                                         JANICE M. HOLDER, JUSTICE