Ronnie B. BRADFIELD,
Plaintiff–Appellant,

v.

THE CITY OF MEMPHIS; Sam Posey; Wally Hatfield; G.W. Harris, Jr.; Michael Gray; William B. Wallace; George Coleman; Donald Martin Hoffman; William Burgess, Sr.; Michael Bailey, Defendants–Appellees.

No. 01–5209.

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 2001.

308

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Ronnie B. Bradfield, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court filed pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Bradfield sued the City of Memphis alleging that Memphis police officers unlawfully entered his home. He stated that the officers used deadly force without justification and subsequently arrested him without probable cause or warrant. The district court granted judgment to the defendants.

In his timely appeal, Bradfield challenges the removal of his complaint from state court, challenges the dismissal of some of the defendants based on the statute of limitations, asserts that he was denied discovery, and argues that the district court should have ruled on his post-judgment motions after his notice of appeal was filed.

The district court's judgment is reviewed de novo. *See Summar ex rel.* *Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

■ The district court properly dismissed Bradfield's allegations against the defendant officers based on the applicable statute of limitations. The alleged constitutional violation, according to Bradfield, occurred on February 21, 1992. However, Bradfield did not amend his complaint to include the police officers as defendants until October 18, 2000. The statute of limitations for civil rights claims in Tennessee is one year. *See Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997). The amending of the complaint to substitute the names of the officers for John Doe defendants does not relate back to the filing of the original complaint. *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996). As the injury which Bradfield allegedly suffered occurred on February 21, 1992, his attempt to add the individual officers in 2000 is barred by the applicable statute of limitations.

Bradfield sued the City of Memphis seeking to have the city held liable because it employed the arresting officers. The United States Supreme Court has determined that a municipality cannot be held liable solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell,* the Court held that municipalities may be sued for damages under § 1983 when the action that is alleged to be unconstitutional implements a policy statement, regulation, or decision which has been officially adopted and promulgated by the city officials. *Id.* at 690, 98 S.Ct. 2018. As Bradfield did not allege that the officers' actions were pursuant to a policy or decision of city officials, the city cannot be held liable under § 1983 for Bradfield's arrest.

The district court also properly dismissed Bradfield's state tort claims against the city. Under state law, the City of Memphis is immune from suit for actions for false arrest, intentional trespass, infliction of mental anguish, or civil rights. Tenn.Code Ann. § 29–20–205(2). Further, a claim of an intentional tort does not void the city's immunity. *See Potter v. City of Chattanooga,* 556 S.W.2d 543, 545 (Tenn. 1977). As Bradfield's state tort allegations are barred by the city's immunity, the district court did not err in dismissing the city as a defendant.

Bradfield contends that the district court erred in allowing the removal of his case from state court. Cases filed in state court which raise a federal question may be removed to federal court pursuant to 28 U.S.C. § 1441. After Bradfield filed his amended complaint in state court naming the City of Memphis and several police officers as defendants, the city attempted to remove the case to federal court. The district court remanded the case to state court as none of the individual defendants had been served with the amended complaint and the city had failed to seek removal within the time allowed. 28 U.S.C. § 1446(b). Bradfield filed his amended complaint on October 16, 2000, and then served the three named individual defendant officers. The officers then filed a notice of removal with the city's consent on November 17, 2000.

When there are multiple defendants who are served at different times, the last served defendant has thirty days from the date of service to remove the case to district court with the consent of the remaining defendants. *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 532–33 (6th Cir.1999). A defendant who failed in obtaining removal can consent to a later served defendant's removal petition. *Id.* As the district court properly accepted jurisdiction over the case, Bradfield's arguments challenging the removal are without merit.

Bradfield asserts that the district court should have ruled on various motions he had filed with the court after he filed his notice of appeal. However, once Bradfield filed his notice of appeal, the district court lacked jurisdiction to entertain Bradfield's multitude of motions. *See Securities & Exch. Comm'n v. Johnston,* 143 F.3d 260, 263 (6th Cir.1998). Finally, Bradfield states that he was denied discovery by the district court. However, Bradfield's assertion does not state how he was denied discovery or what information he was unable to obtain. The argument is without merit.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.