IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2002 Session

## CHRISTINA FORTENBERRY v. G.T. GEORGE, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-617-98     Dale C. Workman, Judge**

_____

**No. E2000-02984-COA-R3-CV     Filed July 3, 2002**

_____

This lawsuit arises from a traffic stop of the plaintiff, Christina Fortenberry ("Plaintiff"), by a City of Knoxville police officer, G.T. George ("George"). Plaintiff sued George, the Knoxville Police Department chief, Phil Keith ("Keith"), and the City of Knoxville ("City"). In her Complaint, Plaintiff alleged claims of assault and battery and false imprisonment and alleged that George's conduct was intentional and reckless. Plaintiff later amended her Complaint to allege negligent conduct by George. The Trial Court granted a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss filed jointly by Keith and the City, holding that the Amended Complaint failed to state a claim upon which relief can be granted under the Tennessee Governmental Tort Liability Act ("GTLA"). Plaintiff appeals. We affirm, in part, and vacate, in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed, in part, and Vacated, in part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., joined. HOUSTON M. GODDARD, P.J., filed a concurring opinion.

David L. Bacon, Knoxville, Tennessee, for the Appellant, Christina Fortenberry.

Ronald E. Mills, Knoxville, Tennessee, for the Appellees, Phil Keith and the City of Knoxville.

## OPINION
### Background

On October 6, 1997, Plaintiff was stopped for a traffic violation by a police officer employed by the City of Knoxville Police Department. The record shows the police officer, G.T. George, after stopping Plaintiff, arrested Plaintiff for driving without a valid driver's license; resisting arrest; and for criminal impersonation.

Exactly one year after this incident, on October 6, 1998, Plaintiff filed a Complaint naming as defendants George, Police Chief Keith, and the City of Knoxville. In the Complaint, Plaintiff claimed George caused her to sustain serious physical injuries during the October 1997, traffic stop. Paragraph 6 of the Complaint set forth a claim for assault and battery against George stating that George "did unnecessarily and intentionally or recklessly cause serious bodily injury to the Plaintiff." Paragraph 7 of the Complaint is captioned "false imprisonment." Despite its caption, paragraph 7 actually discusses Plaintiff's arrest by George for resisting arrest and, therefore, the paragraph amounts to, in substance, a claim for false arrest. In addition, Plaintiff alleged all three defendants were liable for violation of 42 U.S.C. § 1983 due to Keith's intentional, reckless, and negligent failure to train, supervise, and control George. In her prayer for relief, Plaintiff sought both compensatory and punitive damages from all three defendants. Shortly after filing the Complaint, Plaintiff voluntarily dismissed her "claims against the defendants based upon 42 U.S.C. [§] 1983."

Keith and the City ("Defendants") jointly filed an Answer. The record shows George was never served with a copy of the Complaint and Summons, and the return of summons shows the process server was unable to contact George. The record shows Plaintiff never obtained issuance of new process.

In September 2000, Defendants filed a Motion to Dismiss based upon Tenn. R. Civ. P. 12.02(6). Defendants contended, in their motion, that under the GTLA, they cannot be held liable for the intentional acts of George. Since Plaintiff had voluntarily dismissed the 42 U.S.C. § 1983 claims, the only allegations remaining in the Complaint involved the reckless or intentional conduct of George for assault and battery and false imprisonment/false arrest. Defendants contended in their motion that under the GTLA, the claims against the City should be dismissed because as a governmental entity, it was immune from Plaintiff's remaining claims of assault and battery and false imprisonment/false arrest because the claims did not involve negligent conduct. In addition, Defendants pointed to the statutory exception to the GTLA's removal of immunity in Tenn. Code Ann. § 29-20-205(2) for false imprisonment claims. Defendants also argued the claims against Keith should be dismissed because Keith could not be held liable under the GTLA, Tenn. Code Ann. § 29-20-310(b).

After Defendants filed their Motion to Dismiss, Plaintiff filed a Motion to Amend Complaint ("Motion to Amend") seeking to add a claim of negligence to Paragraph 6 which as discussed, alleged that George was liable for assault and battery. Plaintiff also sought to add a new prayer for relief which stated as follows:

> The City of Knoxville, Tennessee, is liable to the Plaintiff for any
> reckless or negligent acts of the Defendant, G.T. George, by virtue of
> his function as a city employee, acting as an agent of the City . . . and
> is liable for damages under the [GTLA]. . . .

The technical record on appeal shows Plaintiff did not file a proposed amended complaint containing these amendments and deleting the 42 U.S.C. § 1983 claims.

In November 2000, in an Order of Dismissal, the Trial Court granted Plaintiff's Motion to Amend, but also granted Defendants' Motion to Dismiss. The Order of Dismissal states a hearing was held, but the record on appeal does not contain a transcript of the hearing. The Trial Court, while stating in the order that Plaintiff's Complaint, even as amended, failed to state a claim upon which relief can be granted under the GTLA, did not provide the specific basis for its decision. Although Plaintiff never filed a proposed amended complaint or an amended complaint after the order, we will refer to the form of the Complaint which contains the amendments but does not contain the 42 U.S.C. § 1983 claims as the "Amended Complaint" because the Trial Court granted Plaintiff's Motion to Amend.

Plaintiff appeals.

## Discussion

On appeal and although not exactly stated as such, Plaintiff raises one issue for this Court's consideration: whether the Trial Court erred in granting Defendants' Motion to Dismiss because, Plaintiff argues, her Amended Complaint stated a claim upon which relief can be granted since it included allegations of negligent conduct.[1]

Defendants, on appeal, contend the Trial Court did not err in granting their Tenn. R. Civ. P. 12.02(6) Motion to Dismiss.[2] Defendants do not dispute the Trial Court's grant of Plaintiff's Motion to Amend Complaint.

Our Supreme Court has described the standard of review of the Trial Court's granting of a Motion to Dismiss under Tenn. R. Civ. P. 12.02(6) as follows:

A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen*

---

[1] Plaintiff also contends, on appeal, that the Amended Complaint contained an allegation of negligence on the part of Keith in his training, supervision and control of George, but the record shows these allegations were part of Plaintiff's 42 U.S.C. § 1983 claims which, as discussed, Plaintiff voluntarily dismissed soon after filing the Complaint.

[2] Defendants, on appeal, argue that both the original Complaint and the Amended Complaint failed to state a claim upon which relief can be granted. Because the order upon which Plaintiff's appeal is based granted Plaintiff's Motion to Amend, however, we will consider only the Amended Complaint.

> *& Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999).  In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.  *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996).  It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief.  *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn.1999); *Fuerst v. Methodist Hosp. S.*, 566 S.W.2d 847, 848 (Tenn. 1978).  Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).  We review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions. *Id.*

*Trau-Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696-97 (Tenn. 2002).

As an initial matter and although no party raises the issue on appeal, we will address whether this Court has jurisdiction to hear this appeal because the Order of Dismissal may not be a final judgment from which an appeal as of right lies. *See* Tenn. R. Civ. P. 54.02; Tenn. R. App. P. 3(a).  The Order of Dismissal does not adjudicate all claims or the rights and liabilities of all the parties, namely George, and does not include the express language found in Rule 54.02 to designate the Order of Dismissal as a final judgment.  *See id.*  In the interest of judicial economy, however, we will treat this appeal as a Tenn. R. App. P. 10 extraordinary appeal and consider the merits of this appeal.

It is noteworthy to mention that Plaintiff's Complaint and Motion to Amend were drafted in such a way as to make this Court's resolution of this appeal unnecessarily difficult. Likewise, the Order of Dismissal fails to state the Trial Court's reason for granting Defendants' Motion to Dismiss, other than the rote, standard language of Tenn. R. Civ. P. 12.02(6), and, therefore, sheds little light on the Trial Court's specific basis for granting the motion.

Since this case involves a suit for damages against a governmental entity and two of its employees, the Tennessee Governmental Tort Liability Act applies.  The GTLA carves out exceptions to the general rule of sovereign immunity which provides "'suit may not be brought against a governmental entity unless that governmental entity has consented to be sued.'"  *Doyle v. Frost*, 49 S.W.3d 853, 857 (Tenn. 2001) (quoting *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997)); *see also* Tenn. Const. Art. I, § 17 (stating "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct ").  The GTLA provides a general rule of immunity from suit for any injury resulting from activities of governmental entities

"engaged in the exercise and discharge of any of their functions, governmental or proprietary" except as specifically provided by the GTLA. Tenn. Code Ann. § 29-20-201(a); *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001); *see also* Tenn. Code Ann. § 29-20-206 (further discussing, where the GTLA removes immunity, the governmental entity's consent to be sued and determination of its liability). The GTLA is in derogation of the common law and must be strictly construed. *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d at 83. Accordingly, claims for damages brought under the GTLA must strictly comply with the GTLA. Tenn. Code Ann. § 29-20-201(b)(3).

The GTLA removes immunity for an injury "proximately caused by *a negligent act or omission* of any employee within the scope of his employment . . ." but provides a list of exceptions to this removal of immunity, including certain enumerated intentional torts, if the injury arises out of them. Tenn. Code Ann. § 29-20-205 (emphasis added). A governmental entity, therefore, is immune from suit for claims listed in the exceptions of Tenn. Code Ann. § 29-20-205. Moreover, the GTLA provides that, before finding a governmental entity liable for damages, a court must find the following:

> (1) the acts of the employee were negligent and the proximate cause of plaintiff's injury;
>
> (2) the employee was acting within the scope of his employment; and
>
> (3) none of the exceptions provided by the GTLA at Tenn. Code Ann. § 29-20-205 apply.

Tenn. Code Ann. § 29-20-310(a).

The applicable statute of limitations period for a GTLA claim is twelve months, or one year, after the cause of action arises. Tenn. Code Ann. § 29-20-305(b). Compliance with the twelve-month limitations period is a condition precedent to a plaintiff's right to bring suit under the GTLA. *Daniel v. Hardin County Gen. Hosp.,* 971 S.W.2d 21, 25 (Tenn. Ct. App. 1997).

Before discussing Plaintiff's claims against the City, we will address the issue of whether Plaintiff stated a claim against Keith upon which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). The record on appeal shows Plaintiff's original Complaint contained allegations against Keith for failure to train, supervise, and control Officer George, but, as discussed, Plaintiff dismissed these allegations when she voluntarily dismissed her 42 U.S.C. § 1983 claims. Even with a liberal reading of Plaintiff's Amended Complaint, it does not state *any* claim whatsoever against Keith. Accordingly, we hold the Trial Court correctly granted Defendants' Rule 12.02(6) Motion to Dismiss with respect to Plaintiff's claims against Keith. *See* Tenn. R. Civ. P. 12.02(6); *Trau-Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d at 696-97.

Next, we will determine whether it was proper to dismiss Plaintiff's claims against the City upon Defendants' Tenn. R. Civ. P. 12.02(6) motion. Defendants, on appeal, argue the Trial

Court correctly dismissed Plaintiff's Amended Complaint because the GTLA's one year statute of limitations period bars Plaintiff's claim of negligence as the amendment was made more than one year after the October 1997, traffic stop. Defendants contend the amendment, under Tenn. R. Civ. P. 15.03, does not "relate back" to the filing date of the original Complaint. Plaintiff does not address this issue in her brief.

The "relation back" rule is found at Tenn. R. Civ. P. 15.03 and provides, in pertinent part, as follows:

> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . .

Our Supreme Court, in *Doyle v. Frost*, 49 S.W.3d 853 (Tenn. 2001), addressed the issue of whether the "relation back" doctrine of Rule 15.03 applies to GTLA actions against governmental entities. The *Doyle* Court held that it does, rejecting the arguments that application of Rule 15.03 runs counter to the rule of strict construction of the GTLA and that application of the doctrine would enlarge the GTLA's one-year statute of limitations period. *Id.* at 858. The Court in *Doyle* found that where the requirements of Rule 15.03 are met, an amendment to a complaint "relates back," and, accordingly, the amendment "is not considered excepted from the applicable statute of limitations, it is considered made before the limitations period expired." *Id.*

Defendants, on appeal, argue *Doyle v. Frost* does not apply to this matter because the facts are distinguishable. Defendants correctly point out that in *Doyle*, the plaintiffs, after the statute of limitations period had expired, sought to amend their complaint to add a *defendant* under Rule 15.03.[3] Defendants contend this matter is distinguishable from *Doyle* because Plaintiff seeks to add not a defendant but a *claim,* the claim that George was negligent in his assault of Plaintiff, after the expiration of the one-year limitations period. We find this distinction immaterial. *Id.* It is instructive to review the holding of the *Doyle v. Frost*, which is, in pertinent part, as follows:

> In sum, we hold that the relation back doctrine embodied in Rule 15.03 does not extend or enlarge the applicable statute of

---

[3] In *Doyle v. Frost*, plaintiffs sought to add a new defendant under the following language of Rule 15.03:

> An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

limitations period, *for amendments pursuant to the rule are considered filed on the date of the original, timely pleading,* and such amendments only may be made if the Rule's notice requirements are met. The Rule does not compromise the protections afforded by the statute of limitations provision of the GTLA, even when that provision is strictly construed. *Thus, no reason exists to preclude application of Rule 15.03 to governmental entities. . . .*

*Id.* at 860. (emphasis added). We also note that the plaintiffs in *Doyle* certainly added a new claim against that new defendant as there was no pending claim against that defendant until the complaint was amended. Accordingly, to the extent, if at all, the statute of limitations was the basis for the Trial Court's granting of Defendants' Motion to Dismiss, we hold the Trial Court erred in finding that Plaintiff's Amended Complaint failed to state a claim upon which relief can be granted because Plaintiff's amendment related back under Tenn. R. Civ. P. 15.03 to the filing date of the original Complaint.

Now that we have determined the statute of limitations does not preclude Plaintiff's claims in the Amended Complaint against the City, we will examine the GTLA to determine whether the Amended Complaint otherwise failed to state a claim upon which relief can be granted. As discussed, the only claims remaining after both amendments are Plaintiff's claims of assault and battery and false imprisonment/false arrest. On appeal, Plaintiff contends the Trial Court erred in dismissing these claims because the GTLA removes the immunity of governmental entities for negligent conduct and that the Amended Complaint states a claim of negligence.

As discussed, the GTLA statutory provision, Tenn. Code Ann. § 29-20-205, provides that a governmental entity's immunity from a tort claim is removed for an injury proximately caused by the negligent act or omission of its employee within the scope of employment. The statute also sets forth a number of claims for which the governmental entity's immunity is *not* removed, including certain intentional torts, providing, in pertinent part, as follows:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of: . . .

(2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights. . . .

Tenn. Code Ann. § 29-20-205(2).

Tenn. Code Ann. § 29-20-205(2) clearly provides that governmental entities are immune from suit for injuries arising out of false imprisonment and false arrest. Accordingly, we hold the Trial Court correctly dismissed Plaintiff's claim against the City for false imprisonment/false arrest because this portion of the Amended Complaint failed to state a claim upon which relief can be granted.

Plaintiff's remaining claim for assault and battery, however, warrants further discussion. Our Supreme Court recently addressed the application of Tenn. Code Ann. § 29-20-205(2) to a claim for assault and battery. *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001). In *Limbaugh*, one of the patients of the defendant, a municipal nursing home, was assaulted by one of the defendant's employees. Applying Tenn. Code Ann. § 29-20-205, the *Limbaugh* Court first found the defendant nursing home was negligent in failing to take reasonable precautions to protect the patient from the employee who had a history of being physically aggressive. *Id.* at 81. Having found the defendant negligent, the *Limbaugh* Court held the defendant nursing home was potentially subject to liability under Tenn. Code Ann. § 29-20-205 because the statute removed its immunity for such negligent acts or omissions. *Id.*

The *Limbaugh* Court went on to determine whether the defendant nursing home was nevertheless immune from liability under Tenn. Code Ann. § 29-20-205(2) since the claim was for injuries arising out of an intentional tort, assault and battery. *Id.* Recognizing the GTLA is in derogation of the common law, and thus, must be strictly construed, the *Limbaugh* Court held, in pertinent part, as follows:

> The General Assembly expressly created [§] 29-20-205 to remove governmental immunity for injuries proximately caused by negligent acts; that it wanted then to create several exceptions to this general waiver convinces us that additional exceptions are not to be implied absent legislative intent to the contrary. . . .

> Accordingly, we hold that [§] 29-20-205 of the GTLA removes immunity for injuries proximately caused by the negligent act or omission of a governmental employee except when the injury arises out of the *only those specified torts enumerated in subsection (2)*. To immunize *all* intentional torts would result in an overly broad interpretation of the statute, and there is no indication that the legislature intended such a result. . . .

*Id.* [4] The *Limbaugh* Court held that because assault and battery was not included in Tenn. Code Ann. § 29-20-205(2), that statute's exception for certain intentional torts to the waiver of governmental immunity did not apply to claims for injuries arising out of assault and battery. *Id.* The *Limbaugh* Court held the defendant nursing home was not immune from plaintiff's claim for assault and battery under the exception to the removal of immunity for governmental entities provided by Tenn. Code Ann. § 29-20-205(2). *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d at 84. The court went on, however, to determine whether the defendant nursing home was nevertheless immune from liability under the "discretionary function" exception provided by Tenn. Code Ann. § 29-20-205(1). *Id.* at 84-86. The *Limbaugh* Court held that under the proof contained in the record on appeal, this exception did not provide immunity from liability for the defendant nursing home. *Id.* at 86.

In this matter, the technical record shows Plaintiff, in the Amended Complaint, alleged negligent conduct on the part of George as to her assault and battery claim. Under *Limbaugh*, this allegation of negligence of an employee of the governmental entity, the City, triggers the removal of immunity for the City under Tenn. Code Ann. § 29-20-205. *See id.* at 81. In addition, because subsection 2 of the statute does not include assault and battery in the list of enumerated intentional torts, the City is not immune from Plaintiff's negligence claim for injuries arising out of assault and battery. *See id.* at 84.

We, however, express no opinion regarding the applicability of the "discretionary function" exception to the removal of governmental immunity provided by Tenn. Code Ann. § 29-20-205(1), to this matter as that question cannot be answered based upon the record now before us. That issue is best first addressed and specifically answered by the Trial Court.

In light of the *Limbaugh* decision, therefore, we hold the Amended Complaint states a claim upon which relief can be granted under the GTLA since it alleges negligence by an employee of the City and alleges a claim for injuries arising out of the alleged negligent assault and battery. As a result, we hold Defendants' Tenn. R. Civ. P. 12.02(6) Motion to Dismiss should not have been granted as to Plaintiff's negligence claim against the City for injuries arising out of the alleged assault and battery, and we, therefore, vacate this portion of the Order of Dismissal.

### Conclusion

The judgment of the Trial Court dismissing Plaintiff's claims against the defendant, Phil Keith, and Plaintiff's claim for false imprisonment/false arrest against the defendant, the City of Knoxville is affirmed. The judgment of the Trial Court dismissing Plaintiff's negligence claim against the City of Knoxville for injuries arising out of the alleged assault and battery is vacated.

---

[4] Our Supreme Court, in *Limbaugh v. Coffee Med. Ctr.*, overruled its prior decision of *Potter v. City of Chattanooga,* 556 S.W.2d 543 (Tenn. 1977), in which it held that a governmental entity is immune from a claim for assault and battery. *Id.* at 81. The Court in *Limbaugh* characterized the *Potter* decision as an "overbroad application of the intentional tort exception . . ." and stated that because of *Potter*, courts have "erroneously . . . held that the intentional tort exception preserves immunity for injuries arising from *all* intentional torts. *Id.* at 83.

This cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed equally against the Appellant, Christina Fortenberry, and her surety, and the Appellee, City of Knoxville.

_____
D. MICHAEL SWINEY, JUDGE