IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2005 Session

## VIRGIL E. RUSHING v. WALTER E. CROCKETT, SR.

**Appeal from the Circuit Court for Montgomery County**
**No. 50100119      Ross Hicks, Judge**

———

**No. M2004-00324-COA-R3-CV - Filed February 18, 2005**

———

This appeal questions the apportionment of attorney fees and costs. The plaintiff suffered a compensable on-the-job injury and by the negligence of a third party. He recovered workers' compensation benefits, and settled his tort action thereafter. The employer's subrogation rights were stipulated, but the parties could not agree upon a proportional allocation of fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part; Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S. and WILLIAM B. CAIN, J., joined.

Mark Allen Rassas, Clarksville, Tennessee, for appellant, Virgil E. Rushing.

Daniel Lynch Nolan, Jr. And Michael R. McDonner, Clarksville, Tennessee, for intervener/appellee, Bi-County Solid Waste Management.

### OPINION

Virgil Rushing, an employee of Montgomery County, was injured when he was struck by an automobile driven by Walter Crockett on July 10, 2000. The injury was job-related, and generated a worker's compensation claim against the county and a tort action for damages against Mr. Crockett.

A judgment was eventually entered in favor of Mr. Rushing for $23,126.40 against Montgomery County for disability benefits. His attorney was awarded 20%, or $4,625.28 of the judgment.

The tort action was settled for $100,000.00. Without objection Montgomery County had been allowed to intervene to protect its subrogated interest which was stipulated to be $43,487.40.[1] Thereafter, the attorney for the plaintiff, Mr. Rassas, filed a motion to apportion his fee pursuant to Tenn. Code Ann. § 50-6-112, which provides:

> [T]he attorney representing such injured worker . . . and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien therefor against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against such other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

Mr. Rassas insists that he is entitled to a fee for his work in recovering the subrogable benefits, i.e., $43,487.40, while Mr. Nolan insists that each party should be responsible for his own fees, arguing that it would be unreasonable for Mr. Rasses to be paid a fee from the subrogable $43,487.40.

The trial judge found that Mr. Rassas was entitled to "a substantial apportional fee," explaining that

> [A]lthough Mr. Nolan certainly performed some work to effect the recovery, a substantial portion of the work he performed was actually adverse to the plaintiff. Mr. Rassas took all the plaintiff's proof which consisted of the deposition[s] of Dr. Devries, Dr. Pease, Dr. Standard and Dr. Bush. While these depositions were taken for the purpose of the worker's compensation lawsuit, they were also taken so that they could be read to the jury during the trial of the tort claim. Although Mr. Nolan did not participate in the taking of the depositions, associates from his firm did participate but in an adverse capacity. Mr. Rassas interviewed and prepared ten of the twelve witnesses listed for trial. Mr. Nolan did not submit or assist in any discovery of Mr. Crockett and did not participate in the deposition of Mr. Crockett. In reality, until the worker's compensation case was concluded, none of Mr. Nolan's work assisted the plaintiff at all and certain[ly] did not "effect" plaintiff's recovery.
>
> The court's obligation is to "apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered." Certainly it is appropriate to

---

[1] This amount included benefits for temporary total and permanent partial disability, and medical expenses.

consider whether the services rendered were actually adverse to the plaintiff's interest.

Mr. Rassas had a contingency fee of one-third the amount of the recovery. The court finds that fee to be appropriate. The total fee would thus be $14,495.80. The court further finds that that fee should be apportioned between Mr. Rassas and Mr. Nolan based on the services rendered so that Mr. Rassas receives a fee of $13,046.22 or 90% of the total fee. However, the court also finds that Mr. Rassas has already been paid the sum of $4,625.28 as a fee in the worker's compensation matter and that this amount should be deducted so as to avoid dual fee recovery. After the deduction, the resulting fee for Mr. Rassas is $8,420.94. The parties have also raised the issue of the division of the costs in this cause particularly since discretionary costs were awarded in the worker's compensation matter and these costs included some of the expenses for depositions which were to be filed and used in the tort action. The court finds that the plaintiff should be responsible for 56.5% of all the litigation expenses incurred in the prosecution of this matter including the amount of $1,716.00 already paid by the employer as discretionary costs in the worker's compensation proceeding.

The appellant, per Mr. Rassas, presents two issues: (1) the propriety of the deduction of the workers' compensation case fee, and (2) whether the county should have been given credit for discretionary costs incurred in the workers' compensation case against costs in the tort action. The appellee, per Mr. Nolan, questions the apportionment of the fees. These issues will be discussed collectively. Review is *de novo* on the record. We presume the factual findings are correct unless the evidence preponderates against the judgment. Rule 13(d) Tenn. R. App. P. Conclusions of law bear no presumption of correctness. **Doyal v. Frost**, 49 S.W.3d 853 (Tenn. 2001).

We first consider the issue posed by the appellee that the litigants should each have been adjudicated responsible for his attorney fees in accordance with the "American Rule", and that the court erred in applying the "common-fund" doctrine to the facts of this case. We hold that neither of these doctrines is relevant to the facts of the matter before us. The common-fund doctrine is a court-ordered mechanism designed to spread attorney fees among various beneficiaries to a fund. *See*, **Kline v. Eyrich**, 69 S.W.3d 197 (Tenn. 2002). In the case at Bar, the applicable statute simply requires the "reasonable fee to be apportioned between the attorney for the worker and the attorney for the employer in proportion to the services rendered." The evidence is not in material dispute and clearly supports the trial judge's decision respecting apportionment of the subject fee.

The worker's compensation case was litigated and Mr. Rassas was awarded a fee of $4,625.28 for his services rendered on behalf of his client, the injured employee. This fee was

deducted from the fee [$13,046.22] awarded proportionately to Mr. Rassas for his services in the tort action. The trial court explained that this deduction was necessary "to avoid a dual recovery."

We are unable to agree with this rationale. Mr. Rassas represented his client in two disparate actions. He was successful in both cases, and is entitled to be paid for his services in both cases. The proof shows that Mr. Rassas maintained separate files, there were other attorneys involved, discovery was separate as were depositions. We also note that the client, Mr. Rushing, paid a fee of 20% of his recovery of benefits; the employer paid no fee, but was fully subrogated to all awards paid, less fees. The deduction ordered by the court arguably refunds to the employer the award paid by Mr. Rushing to his attorney. We are not aware of any statutory authority for this deduction, which was awarded to Mr. Nolan, attorney for Bi-County Solid Waste Management, Inc.

Finally, the trial court ordered that the plaintiff should be responsible for 56.5% of all the expenses of litigation, such expenses to include $1,716.00 previously paid by the employee [the defendant] in the worker's compensation proceeding for depositions which were used in both cases. The appellant argues that this decretal provision allows the employer to avoid payment of any direct costs in the tort action and thus requires the plaintiff to repay discretionary costs previously awarded in the worker's compensation case. While the issue is close, we cannot say that the trial judge "abused his discretion" in directing the inclusion of the previously paid deposition expenses, as stated; a discretionary decision will be upheld as long as it is not clearly unreasonable. ***Bogan v. Bogan,*** 60 S.W.3d 721 (Tenn. 2001).

We affirm the apportionment of the fees. The deduction of $4,625.29 from the fee of Mr. Rassas is vacated. The discretionary costs award is affirmed. Costs on appeal are assessed to the parties equally.

_____
WILLIAM H. INMAN, SENIOR JUDGE