IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 8, 2020 Session

## DENNIS WILLIAMSON v. REGIONAL ONE HEALTH ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-004541-17  Jerry Stokes, Judge**

—————————————————————

### No. W2019-02213-COA-R3-CV

—————————————————————

In this healthcare liability action, Appellant/patient appeals the trial court's grant of summary judgment in favor of Appellee/hospital.  The trial court granted summary judgment based, *inter alia*, on its conclusion that Appellant failed to provide evidence that Appellee's immunity under the Governmental Tort Liability Act is waived due to some action/inaction of its employee.  Affirmed and remanded.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Dennis Williamson.

Joann Coston-Holloway, Rodrick Darnell James Holmes, and Brooks E. Kostakis, Memphis, Tennessee, for the appellee, Regional One Health.

### MEMORANDUM OPINION[1]

### I. Background

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On July 7, 2016, Appellant Dennis Williamson presented to the Emergency Department at Appellant Regional One Health ("Regional One") for right-sided weakness in his upper and lower limbs, with no change of mental status, diplopia (i.e., double vision), or dizziness. According to the medical records, Mr. Williamson's preliminary diagnosis was a stroke or encephalitis, an inflammation of the brain that is generally caused by infection. On July 7, 2016, at 10:42 a.m., Mr. Williamson underwent an MRI; the MRI ruled out the possibility of a stroke, but it showed the presence of an edema, which indicated an infection. Due to Mr. Williamson's symptoms and MRI findings, a lumbar puncture (or "spinal tap") was ordered at 5:59 p.m. and subsequently performed to determine the type of infection present. As discussed in further detail below, it is undisputed that lumbar punctures performed at Regional One are conducted by physicians after informed consent is obtained from the patient. It is also undisputed that none of the physicians with privileges at Regional One are employed by Regional One.

Core Laboratory is Regional One's in-house medical laboratory. Dr. Abdallah Azouz's is the Medical Director of Regional One's Core Laboratory. According to Dr. Azouz's undisputed affidavit, esoteric tests, such as many of the ones required in Mr. Williamson's case, are not performed by Core Laboratory; rather, such tests are referred to outside laboratories such as Laboratory Corporation of America, ("LabCorp") or Associated Regional and University Pathologists, Inc. ("ARUP") Laboratories. It is undisputed that both LabCorp and ARUP are independent lab companies that are separate and distinct from Regional One. The lab tests conducted by LabCorp and/or ARUP are exclusively performed by these laboratories, and Regional One has no control or input over these entities.

Although Mr. Williamson alleges that the spinal fluid specimen from his 5:59 p.m. lumbar puncture was mislabeled, mishandled, or lost, the record evinces that the first attempt at a lumbar puncture was unsuccessful because the physician was unable to obtain any fluid. As such, Core Laboratory did not receive any specimen from this lumbar puncture. At 8:57 p.m., a subsequent lumbar puncture was ordered, and the procedure was completed at 9:45 p.m. It is undisputed that Mr. Williamson consented to both of the lumbar punctures performed on July 7th and signed two separate consent forms—one at 4:15 and another at 9:20 p.m.—authorizing the extraction of the spinal fluid samples. The specimens of the second lumbar puncture were collected at approximately 10:00 p.m. and were received by Core Laboratory at 10:50 p.m. The tests on these specimens were conducted both internally and externally. One of the internal tests was available for the physician to review within 23 minutes of receipt by the laboratory. An additional internal test required both automated and manual results. The automated results for this test were available for the physician to review within approximately one hour, and the manual results were available after approximately four hours. The remaining tests were sent to an outside laboratory, either LabCorp or ARUP, for testing, and the results were available on July 14, 2016 and July 15, 2016.

Before the results of the spinal fluid tests were received, at approximately 10:00 p.m. on July 7th, Mr. Williamson was administered Acyclovir, a drug used to treat viral encephalitis. After the MRI results confirmed that Mr. Williamson had an infection, he was immediately treated for viral encephalitis or meningitis; this treatment also occurred before the results of the spinal tap were available. Thus, the purpose of the spinal fluid testing was to narrow the type(s) of infection so that Mr. Williamson's physicians could administer more precise drug therapy. In other words, no delay in Mr. Williamson's treatment was caused by the lack of the lab results on his spinal fluid, and there is no evidence that Mr. Williamson's condition either was caused or made worse by the timing of any lab results or by the fact that a second lumbar puncture was performed on July 7th.

On July 14, 2016, a physician determined that additional testing was needed for the purposes of further ruling out specific types of infection. To that end, Mr. Williamson consented to the third lumbar puncture on July 14, 2016. As with the second lumbar puncture, the third lumbar puncture order consisted of both internal tests and external tests. The specimens for the internal order were collected at approximately 10:15 a.m. and were received by Core Laboratory at 1:06 p.m. The automated results for these tests were available for the physicians to review within two hours, and the manual results were available within five hours. The remaining tests were sent to an outside laboratory for testing, and the results were available on July 14, 2016, July 18, 2016, and July 20, 2016. Again, Mr. Williamson was receiving treatment before the third lumbar puncture, and his treatment was not delayed pending the results of the third procedure.

On November 3, 2017, Mr. Williamson filed this healthcare liability action against Regional One. Mr. Williamson was granted leave to file an amended complaint on October 10, 2019. The amended complaint alleges negligence, lack of informed consent, medical battery, and emotional distress, arising from Mr. Williamson's treatment at Regional One. The amended complaint specifically states that the "action is brought pursuant to T.C.A. § 29-26-119, *et seq*., Health Care Liability Statute." The amended complaint further states, in relevant part, that:

> 10. Plaintiff alleges that pursuant to T.C.A. § 29-20-201(a) municipalities and governmental entities are generally immune from suit.
> 11. Plaintiff alleges that Regional One Health is a municipal and/or governmental entity within the definition outlined in T.C.A. § 29-20-205.
> 12. Plaintiff alleges, however, that based upon the negligent acts and/or omissions of Regional One Health, its employees, agents and/or apparent agents and pursuant to T.C.A. § 29-20-205 . . . immunity is removed from defendant, Regional One Health and they are subject to suit.

***

17. Defendant, Regional One Health employs various staff members including doctors, nurses, nursing assistants and others, and is vicariously liable for their negligent conduct alleged in this cause of action.

***

19. That a physician at Regional One began treating the Plaintiff and determined that in order to properly diagnose Plaintiff's condition, that he would need to order cerebrospinal fluid drawn and extract spinal fluid for the purpose of testing.

***

23. That . . . it was discovered that the first sample had not been tested, and had in fact, been misplaced or mislaid.
24. Subsequently, Dr. Walters ordered another lumbar puncture to secure additional cerebrospinal fluid from Plaintiff.

***

27. The Defendant and/or Defendant's agents or apparent agents' concealment of the loss of the spinal fluid sample and their failure to disclose the information to Plaintiff in a timely manner precluded Plaintiff from having a prompt diagnosis, treatment and peace of mind.

***

29. Defendant, Regional One Health, by and through its agents and apparent agents, were negligent in failing to properly secure and store Plaintiff's spinal fluid sample and failing to properly label it for identification purposes.
30. Plaintiff alleges that Regional One Health, by and through its agents and apparent agents failed to act with ordinary and reasonable care in accordance with the acceptable standards in the practice.
31. Plaintiff alleges that Regional One Health, by and through its agents and apparent agents failed to act with ordinary and reasonable care in accordance with the acceptable standards in the practice when they failed to properly label, secure, store and test Plaintiff's spinal fluid sample.
32. Plaintiff alleges that Regional One Health, by and through its agents and apparent agents failed to act with ordinary and reasonable care when they failed to properly inform Plaintiff of the risks associated with the lumbar puncture.
33. Plaintiff alleges that Regional One Health, by and through its agents

and apparent agents failed to act with ordinary and reasonable care when they failed to alert Plaintiff after they discovered that they had misplaced or mislaid Plaintiff's spinal fluid sample.

On October 15, 2019, Appellee filed a motion for summary judgment, alleging, *inter alia*, that Mr. Williamson "has not provided facts warranting removal of [Governmental Tort Liability Act ("GTLA")] immunity from Defendant because [he] has failed to establish that any of his treating physicians were employees of Regional One Health." In support of its motion, Regional One provided the affidavit of Dr. Kito Lord, a Regional One Emergency Room physician. In relevant part, Dr. Lord stated that, "None of the physicians with privileges at Regional One Health are employed by Regional One Health. Regional One Health does not employ physicians." This portion of Dr. Lord's affidavit is undisputed. Mr. Williamson opposed the motion for summary judgment, which was heard on November 22, 2019. By order of December 12, 2019, the trial court granted Appellee's motion for summary judgment and dismissed Mr. Williamson's lawsuit. In relevant part, the trial court held that,

with respect to all . . . claims, [Mr. Williamson] has not provided any evidence that the alleged negligent acts were performed by treating physicians employed by [Regional One] or by any employees of [Regional One]. [Regional One] has, however, provided sufficient proof that the treating physicians performed the alleged acts complained of . . . and they were not employees of [Regional One].

## II. Issue

Mr. Williamson appeals. The sole issue for review is whether the trial court erred in granting Appellee's motion for summary judgment.

## III. Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. ***Abshure v. Methodist Healthcare-Memphis Hosps.***, 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.

## IV. Analysis

Regional One is the sole defendant named in Mr. Williamson's lawsuit.  As set out in the amended complaint and undisputed in the record, Regional One "is a municipal and/or governmental entity within the definition outlined in T.C.A. § 29-20-205" of the GTLA.  The GTLA carves out exceptions to the general rule of sovereign immunity, which provides that "'suit may not be brought against a governmental entity unless that governmental entity has consented to be sued.'"  *Doyle v. Frost*, 49 S.W.3d 853, 857 (Tenn. 2001) (quoting *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn.1997)); *see also* Tenn. Const. Art. I, § 17 (stating "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct"). The GTLA provides a general rule of immunity from suit for any injury resulting from activities of governmental entities "engaged in the exercise and discharge of any of their functions, governmental or proprietary" except as specifically provided by the GTLA.  Tenn. Code Ann. § 29-20-201(a); *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001); *see also* Tenn. Code Ann. § 29-20-206 (further explaining that where "immunity from suit is removed by [the GTLA], consent to be sued is granted and liability of the governmental entity shall be determined as if the governmental entity were a private person."). However, the GTLA is in derogation of the common law and must be strictly construed. *Limbaugh.*, 59 S.W.3d at 83.  Accordingly, claims for damages brought under the GTLA must strictly comply with the GTLA.  Tenn. Code Ann. § 29-20-201(c) ("When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.").

Here, Mr. Williamson's lawsuit is premised on his assertion that "based upon the negligent acts and/or omissions of Regional One Health, its employees, agents and/or apparent agents and pursuant to T.C.A. § 29-20-205 . . . immunity is removed from defendant, Regional One Health and they are subject to suit."  Although the GTLA removes immunity for an injury "proximately caused by a negligent act or omission of any employee within the scope of his employment . . . ," Tenn. Code Ann. § 29-20-205, in this case, it is undisputed that Mr. Williamson's treating physicians were not employees of Regional One.  Furthermore, it is undisputed that the external labs that conducted testing on the spinal fluid samples were neither employed, nor controlled by, Regional One.  The GTLA "provides that a person 'shall not be considered an employee of a governmental entity' unless certain requirements are met." *Gilreath*, 2016 WL 3435788.  These requirements are set out at Tennessee Code Annotated section 29-20-107, which provides, in relevant part:

> (a) Any person who is not an elected or appointed official or a member of a board, agency or commission shall not be considered an employee of a governmental entity for purposes of this chapter unless the court specifically finds that all of the following elements exist:

(1) The governmental entity itself selected and engaged the person in question to perform services;

(2) The governmental entity itself is liable for the payment of compensation for the performance of such services and the person receives all of such person's compensation directly from the payroll department of the governmental entity in question;

(3) The person receives the same benefits as all other employees of the governmental entity in question including retirement benefits and the eligibility to participate in insurance programs;

(4) The person acts under the control and direction of the governmental entity not only as to the result to be accomplished but as to the means and details by which the result is accomplished; and

(5) The person is entitled to the same job protection system and rules, such as civil service or grievance procedures, as are other persons employed by the governmental entity in question.

(b) A governmental entity's reservation of the right to approve employment or terminate employment by any contract, agreement or other means or such entity's ability to control or direct a person not otherwise in the regular employ of such entity shall not operate to make a person an employee of such entity for the purpose of the immunity granted by this chapter unless such person otherwise qualifies as an employee according to this section.

(c) No governmental entity may extend the immunity granted by this chapter to independent contractors or other persons or entities by contract, agreement or other means, nor shall the doctrine of borrowed servants operate to make any person a governmental entity employee for the purpose of immunity who does not otherwise meet all of the elements set out in this section.

As set out in context above, in his amended complaint, Mr. Williamson alleges "that Regional One Health, by and through its agents and apparent agents failed to act with ordinary and reasonable care" in various ways. However, Mr. Williamson does not allege facts sufficient to show that the doctors or external labs that provided treatment to him were employees of Regional One pursuant to the above definition. Furthermore, although Core Lab is Regional One's internal lab, Mr. Williamson wholly failed to show that any action/inaction on the part of Core Lab constituted negligence. Rather, Mr. Williamson vaguely alleges that some unnamed "agents" or "apparent agents" of Regional One acted negligently. Conclusory allegations of negligence, absent specific facts that allege why GTLA immunity should be removed, will not suffice. *Gilreath*, 2016 WL 3435788, at *1.

In **Gilreath**, plaintiffs brought a similar action against a hospital alleging negligence, vicarious liability, *res ipsa* loquitur, and breach of contract. **Id**. Significantly, "[t]he court could not find in [any] materials submitted [by the plaintiff] in regard to these motions, one mention of a specific nurse or any act or omission by any nurse or other healthcare provider." **Id.** at *4. In affirming the trial court's grant of summary judgment, this Court determined that the plaintiffs' general references to the acts or omissions of the treating physicians failed to specifically allege that the physicians treating the plaintiffs were governmental employees under the GTLA, and the plaintiffs were thus unable to demonstrate that GTLA immunity should be removed. **Id**. at *7 (citing **Parker v. Vanderbilt University**, 767 S.W.2d 412, 417 (Tenn. 1988)). Further, in finding that the hospital, as an entity, was not directly liable, the **Gilbreath** Court stated that:

> Other than conclusory references to [the hospital's] failure to provide adequate treatment, instruments, and facilities fit for the intended use, Plaintiff did not set forth any specific facts to establish [the hospital] acted with less than or failed to act with reasonable care or that such failure proximately caused [plaintiffs'] injuries.

**Id**. at *9. Similarly, here, Mr. Williamson's general allegation that Regional One's GTLA immunity is waived "based upon the negligent acts and/or omissions of Regional One Health, its employees, agents and/or apparent agents" is merely conclusory. Mr. Williamson failed to introduce specific evidence showing that an employee of Regional One caused his alleged injuries. Conversely, Regional One's undisputed affidavits, which were filed in support of its motion for summary judgment, show that Mr. Williamson's lumbar punctures were performed by physicians who had privileges at Regional One but were not employed by Regional One. As such, Mr. Williamson has failed to establish the threshold requirement that Regional One's GTLA immunity is removed due to the negligent acts of its employees. As such, Regional One is immune from suit, and the trial court properly granted summary judgment in its favor.

We note that the trial court also held that Mr. Williamson's claims failed because: (1) he "failed to provide any expert proof in support of his claims that [Regional One], or any of its employees' actions fell below the standard of care and/or caused [Mr. Williamson's] injuries;" and (2) he "failed to provide any evidence in support of [his] medical battery, and intentional and negligent infliction of emotional distress claims," in that Mr. Williamson "consented to the medical procedures performed at [Regional One]." Based on our holding that Mr. Williamson failed to show that Regional One's GTLA immunity was waived by some action/inaction on the part of its employee(s), we pretermit discussion of the alternate grounds the trial court relied on in granting Appellee's motion for summary judgment.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order granting summary judgment in favor of Regional One. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Dennis Williamson, for all of which execution may issue if necessary.


    s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE